**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MONTERRA MF, LLC, ARMANDO CODINA;
JAMES CARR; NORMAN BRAMAN; 2020
BISCAYNE BOULEVARD, LLC; 2060
BISCAYNE BOULEVARD, LLC; 2060
NE 2ND AVE., LLC; 246 NE 20TH TERRANCE,
LLC; and NO CASINOS,

        *Plaintiffs*,                  Civil Action No.  1:21-cv-02513-DLF

  v.

DEB HAALAND, in her official capacity
as SECRETARY OF THE UNITED
STATES DEPARTMENT OF THE
INTERIOR, and
UNITED STATES DEPARTMENT
OF THE INTERIOR,

        *Defendants*.

---

### SEMINOLE TRIBE OF FLORIDA'S REPLY MEMORANDUM TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO TRIBE'S MOTION FOR LIMITED INTERVENTION

Plaintiffs have filed suit against Secretary Haaland and the Department of the Interior (collectively, Federal Defendants) because they cannot file suit against the Tribe due to its sovereign immunity.   Federal Defendants have no legal responsibility for the Tribe's implementation of the 2021 Compact, yet Plaintiffs seek to invoke the Administrative Procedure Act's (APA) waiver of the federal government's immunity to invalidate the 2021 Compact and prevent the Tribe from implementing it despite the Tribe's immunity from such a suit.  Plaintiffs' suit against Federal Defendants seeks an end run around the Tribe's immunity that this Court, like other courts before it, should not entertain.

Plaintiffs assert Federal Defendants adequately represent the Tribe's interests in this

litigation, that Congress' abrogation of Federal Defendants' sovereign immunity through the APA somehow affects the Tribe's right to intervene in this case, and that the Tribe's Motion for Limited Intervention waives the Tribe's sovereign immunity.[1]  None of these arguments are correct.

I.      **Plaintiffs Do Not Address the Decision in *PPI, Inc.***

Plaintiffs do not distinguish the analogous decision in *PPI, Inc. v. Kempthorne*, No. 08-cv-248-SPM, 2008 WL 2705431 (N.D. Fla. July 8, 2008) (denying preliminary injunction motion in part for failure to demonstrate substantial likelihood of success), a previous APA case against the Department of the Interior (Department) challenging the Tribe's 2007 compact where the United States District Court for the Northern District of Florida found the Tribe's interests were sufficient and the Department's representation inadequate such that the Tribe was a necessary and indispensable party under Rule 19 of the Federal Rules of Civil Procedure.  They only state simply in a footnote that the case is non-binding and unpublished and focused on Rule 19 rather than Rule 24.  ECF 39 at 15 n.6.  Plaintiffs point to no material differences between the facts of this case and the facts of *PPI, Inc.*, they provide no adequate reason why this Court should not follow the same reasoning used in that case, and they fail to demonstrate that the case was wrongly decided.

As in *PPI, Inc.*, Plaintiffs in this case seek to challenge the operation of Class III games authorized by an Indian Gaming Regulatory Act (IGRA) compact between the State of Florida and the Tribe, and they ask the Court to decide that provisions in the Compact are unlawful.  In *PPI, Inc.*, the Tribe filed a motion for limited intervention under Rule 24 and moved to dismiss the case

---

[1] Plaintiffs do not argue against the Tribe's status as a necessary and indispensable party under Rule 19 for purposes of the Tribe's Motion to Dismiss.  Instead, Plaintiffs assert they should be permitted to brief this issue at a later date.  ECF 39 at 20.  Plaintiffs' opportunity to respond to the Tribe's Motion to Dismiss ended on October 26, 2021.  Min. Order, Oct. 8, 2021.  The Court should not give Plaintiffs another bite at the apple to address the Tribe's procedural arguments that are foundational to whether this Court should consider this case.

pursuant to Rule 19—just like the Tribe's Motions filed in this case.  Defendants cannot adequately represent the Tribe's interests in this case, just as they could not in the *PPI, Inc.* case.  The court's reasoning in *PPI, Inc.* counsels the same result in this case, and the fact that it was not reported and is not binding does not diminish the persuasiveness of its reasoning.  And, although the court in *PPI, Inc.* primarily analyzed the Tribe's status under the more rigorous Rule 19 standards, its reasoning is fully applicable to the related but less rigorous Rule 24 standards.  *PPI, Inc.* is highly relevant and should not be ignored as Plaintiffs suggest.

## II.   The Secretary and Department Will Not Adequately Represent the Tribe's Interests

### A.  Plaintiffs' Case Aims to Prevent the Tribe's Operation of Gaming

Plaintiffs assert that Federal Defendants will adequately represent the Tribe's interests in this case and ask that this Court reject the Tribe's claim of a right to intervene in this case under Rule 24(a).  ECF 39 at 10–13.  This assertion is based on an incorrect view of the basic facts of this case, which is aimed at preventing the Tribe's operation of gaming under the 2021 Compact.

Plaintiffs knew that they could not sue the Tribe—the only entity charged with implementing the 2021 Compact, and the only entity authorized to conduct online sports betting under its provisions.  Instead, they brought suit against Federal Defendants seeking to make an end run around the Tribe's sovereign immunity.  This case is not about Federal Defendants' past and possible future actions; it is nothing more than an effort to stop the Tribe's operation of online sports betting, something in which Federal Defendants play no role.  Specifically, after IGRA's 45-day statutory period ran, the "Secretary had, and continues to have, no role whatsoever with respect to the Compact or how it might be implemented."  ECF 35 at 3.  It cannot be reasonably disputed that Federal Defendants have no further role in the ongoing operation of the 2021 Compact and will not be involved in its implementation.

It follows then that Federal Defendants cannot adequately represent the Tribe's unique interests in the ongoing operation of the 2021 Compact, since, under the specific provisions of IGRA, Federal Defendants have no role to play in that operation and cannot lawfully be asked to carry out any of the restrictions Plaintiffs want this Court to order.

### B. The Tribe Has Met the Low Threshold for Demonstrating Inadequacy of Representation for Purposes of Rule 24(a), and Courts in the D.C. Circuit Are Skeptical of Federal Agencies' Ability to Represent Intervenors for Purposes of Rule 24(a)

The burden for establishing insufficient representation under Rule 24(a) is low, *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972) (citing 3B J. Moore, Federal Practice 24.09-1 (4) (1969)), and mere "general alignment" of interests is not sufficient to establish adequacy of representation, *Crossroads Grassroots Pol'y Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 321 (D.C. Cir. 2015). Plaintiffs completely ignore this low Rule 24(a) threshold.

Additionally, Plaintiffs' argument glosses over controlling D.C. Circuit case law expressing skepticism about federal agencies' ability to adequately represent the interests of attempted intervenors for purposes of Rule 24(a). *See 100Reporters LLC v. U.S. Dep't of Just.*, 307 F.R.D. 269, 279 (D.D.C. 2014); *Crossroads Grassroots Pol'y Strategies*, 788 F.3d at 321 ("[W]e look skeptically on government entities serving as adequate advocates for private parties."). This Court has applied this same skepticism regarding the adequacy of the Department's representation of tribes in IGRA compact litigation. For example, in *Forest County Potawatomi Community v. United States*, this Court noted that "[t]he federal government . . . represents the public interest of its citizens as a whole, and would be 'shirking its duty were it to advance [a] narrower interest at the expense of its representation of the general public interest.'" 317 F.R.D. 6, 15 (D.D.C. 2016) (quoting *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 737 (D.C. Cir. 2003)). In *MGM Global Resorts Development, LLC v. U.S. Department of the Interior*,

this Court similarly said that "[e]ven in cases . . . where the intervenor and the government may agree in broad terms on a legal position or course of action, the D.C. Circuit nonetheless 'often [has] concluded that governmental entities do not adequately represent the interests of aspiring intervenors.'" No. 19-2377 (RC), 2020 WL 5545496, at *5 (D.D.C. Sept. 16, 2020) (quoting *Fund for Animals, Inc.*, 322 F.3d at 736).

The Tribe has met the low burden required to show inadequate representation for purposes of Rule 24(a). The Tribe demonstrated in its Motion for Limited Intervention that neither the Secretary nor the Department has any economic incentive to defend the 2021 Compact or its online sports betting provisions that is even remotely comparable to the Tribe's incentive. Only the Tribe can represent its own interests as a sovereign entity that negotiated and entered into the 2021 Compact with the State, as well as its interests in asserting its own sovereign immunity from suit. ECF 31 at 18.

The Department's inability to represent these same interests led to this Court deciding that tribes could intervene under Rule 24(a) in other IGRA compact cases. *See, e.g.*, *MGM*, 2020 WL 5545496, at *5 (noting Department did not share intervening tribes' interest in casino operation or in asserting and protecting sovereign immunity);[2] *Forest Cnty.*, 317 F.R.D. at 15 (noting intervening tribal entities were "concerned with preserving their own rights and opportunities, including their specific economic development goals, both under the IGRA and in their capacities

---

[2] Plaintiffs seek to discount *MGM* by referencing *Scotts Valley Band of Pomo Indians v. U.S. Dep't of the Interior*, No. 19-1544 (ABJ), 2020 WL 8182061 (D.D.C. Dec. 4, 2020), *aff'd sub nom. Yocha Dehe v. U.S. Dep't of the Interior*, 3 F.4th 427 (D.C. Cir. 2021). ECF 39 at 19–20. In that decision, a tribe sought rehearing of its failed attempt to intervene in a suit challenging a decision the Department made regarding the status of another tribe's land for gaming purposes by arguing the intervening *MGM* decision constituted a "recent legal development" warranting reconsideration. *Id.* at *3. The Court did not dismiss *MGM*'s importance generally, but found the case did not warrant a change in its previous decision related to a neighboring tribe that the Court had already determined lacked standing to intervene. *Id.* at *2–3.

as sovereign entities"); *see also Friends of Amador Cnty. v. Salazar*, 554 F. App'x 562, 564 (9th Cir. 2014) (finding Department did not adequately represent tribe's interests in APA claim against Department challenging IGRA compact approval); *Cayuga Nation v. Zinke*, 324 F.R.D. 277, 283 (D.D.C. 2018) (noting federal government could not adequately represent intervening tribal faction's "particular, narrow" contractual and sovereign interests despite its "interest in defending the decisions it has made"); *Cal. Valley Miwok Tribe v. Salazar*, 281 F.R.D. 43, 47–48 (D.D.C. 2012) (noting federal government could not adequately represent intervening tribal council's "distinct aim of asserting its sovereign interests").

Plaintiffs rely on several inapposite cases to argue Federal Defendants will adequately represent the Tribe's interests in the present suit—*Jones v. Prince George's County*, 348 F.3d 1014, 1016 (D.C. Cir. 2003), and *Ramah Navajo School Board, Inc., v. Babbitt*, 97 F.3d 1338, 1351 (D.C. Cir. 1996).  ECF 39 at 10–13.  The D.C. Circuit in *Jones* found that a grandmother as personal representative of her son's estate adequately represented her beneficiary granddaughter as trustee in a related wrongful death suit.  348 F.3d at 1019.  The federal government's trustee status for tribes is completely different—where most often tribes are not even able to recover damages against the federal government for mismanagement of assets under the fiduciary relationship.  *See, e.g.*, *United States v. Navajo Nation*, 537 U.S. 488, 507–08 (2003); *United States v. Mitchell*, 445 U.S. 535, 541–46 (1980).  In *Ramah*, the D.C. Circuit held nonparty tribes were not necessary and indispensable parties when their Indian Self-Determination and Education Assistance Act (ISDEAA) funding levels might be tangentially affected by the court's ruling on contract support costs associated with a separate tribe's ISDEAA contractual agreement.  87 F.3d at 1350–52.  In the context of such limited interests, the court said, the federal defendants had no conflict and adequately represented the nonparty tribes because their "only potential interest in this

case is in having the enjoined funds distributed according to the Secretary's Notice, under which each Tribe will receive its estimated *pro rata* share amounting to less than $100." *Id.* at 1351. These cases in no way stand for the assertion that the Department can adequately represent the Tribe in this suit challenging the 2021 Compact to which the Tribe is a signatory and under which the Tribe stands to gain significant revenue if it continues in effect.

Plaintiffs also wrongfully claim that courts have created a heightened burden for intervenors when the government is a defendant. ECF 39 at 11 n.3. This is not so in the D.C. Circuit, as evidenced by Plaintiffs' citation to only a single older case from the Circuit, ECF 39 at 11 n.3, which noted that the D.C. Circuit has *not* adopted the "special circumstances" test, under which a public interest group is typically found to be adequately represented when asserting the same public interest as the governmental party, *Sweet Home Chapter of Cmtys. for a Great Or. v. Lujan*, No. 91-1468, 1991 WL 277331, at *2–3 (D.D.C. Dec. 10, 1991) (denying environmental groups' intervention in action against Department challenging implementation of Endangered Species Act). The Department's representation of the Tribe for purposes of Rule 24(a) should be viewed under the D.C. Circuit's more recent case law, including its cases dealing with IGRA compacts discussed above.

### C. The Tribe Is Not Required to Show How Its Litigation Position and the Department's Litigation Position Differ

Plaintiffs claim the Tribe must demonstrate how its arguments in the litigation would differ from those of Federal Defendants. ECF 39 at 13. This is not so. Similarly, in arguing that the case's styling as an APA claim alters the Tribe's right to intervene under Rule 24(a), Plaintiffs claim "[u]nder the APA, reviewing court[s] cannot consider materials outside the administrative record, 'post-hoc rationalizations,' 'new theories,' and 'new substantive defenses,' which are all the Tribe has to offer." ECF 39 at 17. But those rules relate to assessing the merits of an APA

claim, and they have nothing to do with the arguments a court can consider with regard to jurisdictional questions or with regard to a party's right to intervene under Rule 24.

The Tribe, State of Florida, and Department are all in agreement that the 2021 Compact complies with IGRA and other relevant laws.  However, neither the Tribe nor this Court knows how the Department, represented by the Department of Justice, will argue this case—including how it will argue the merits if it is required to do so.  The Tribe and the Court cannot be sure the Department will make merits arguments that are consistent with and not contrary to those the Tribe would make.[3]

And the Tribe has a strong interest in the Court's interpretation of the scope of IGRA and related laws.  Any decision on the merits of this case will essentially turn on interpretation of federal law, and that interpretation would affect this Court's determination of the validity of the 2021 Compact.  Since the Tribe is very invested in the outcome of this case and the method by which it is argued, its rights should not be determined in its absence.

### D. The *Forest County* Case Is a Good Example of the Department's Failure to Adequately Represent a Tribe's Interests in Defending an IGRA Compact Decision

In *Forest County*, the Forest County Potawatomi Community sued the Department in an APA action challenging the Department's disapproval of an amendment to a compact between Potawatomi and the state on the ground that it violated IGRA.  317 F.R.D. 6.  The Menominee Tribe was aligned with the Department in opposing the amendment. *Id.*  This Court granted the

---

[3] Plaintiffs claim the federal government's trust or fiduciary obligations to tribes demonstrates that the Tribe's interests will be adequately represented.  ECF 39 at 12–13.  Yet, the cases are legion which hold that the federal government has failed to live up to its trust obligations to tribes.  *See, e.g.*, *Cobell v. Norton* (*Cobell VI*), 240 F.3d 1081, 1106–07 (D.C. Cir. 2001); *United States v. Sioux Nation of Indians*, 448 U.S. 371, 378 (1980) (finding "the Executive Branch of the Government decided to abandon the Nation's treaty obligation to preserve the integrity of the Sioux territory").

Menominee Tribe's motion to intervene as a party defendant in the action.  *Id.* at 14.  Among other things, this Court rejected the argument that the Menominee Tribe's interests would be adequately represented by the federal defendants because the movant advanced the same ultimate legal objective as the federal defendants, which was to uphold the compact disapproval.  *Id.*

Later litigation in this same case proved that, in fact, the federal defendants did *not* adequately represent the Menominee Tribe's interests.  First, the administrative record produced by the Department was both over- and under-inclusive, leading to months of negotiation between the Menominee Tribe and Department and eventually to litigation to correct the problems.[4]  The Department also proposed to include in the record two financial reports requested by the plaintiff tribe that had not factored into the Department's decision, necessitating a motion by the Menominee Tribe to exclude them, which the Court granted.  *Forest Cnty. Potawatomi Cmty. v. United States*, 270 F. Supp. 3d 174, 183 (D.D.C. 2017).  Second, the Department's arguments on the merits were also inadequate.  The Department agreed with the plaintiff tribe that the IGRA provision at issue was unambiguous, and that the Secretary's construction of it was therefore not entitled to *Chevron* deference.  *Forest Cnty. Potawatomi Cmty. v. United States*, 330 F. Supp. 3d 269, 279 (D.D.C. 2018).  However, the Court ultimately agreed with the Menominee Tribe's position that the provision was ambiguous, and that the Secretary's construction of it *was* entitled to *Chevron* deference.  *Id.*

---

[4] *See* Joint Motion to Revise Scheduling Order, *Forest Cnty. Potawatomi Cmty. v. United States*, 270 F. Supp. 3d 174 (D.D.C. 2017) (No. 15-105), ECF No. 45 [hereinafter *FCPC*]; Opposition of Menominee Indian Tribe of Wisconsin and Menominee Indian Gaming Authority to Plaintiff's Motion for Extension of Time to File AR Motions, *FCPC*, 270 F. Supp. 3d 174 (No. 15-105), ECF No. 56;  Exhibit 27 to Declaration of Michael Roy, *FCPC*, 270 F. Supp. 3d 174 (No. 15-105), ECF No. 62-29; Supplemental Certification of Administrative Record, *FCPC*, 270 F. Supp. 3d 174 (No. 15-105), ECF No. 78-1 (adding agreed-upon documents).

The federal defendants and the Menominee Tribe, therefore, prevailed in the litigation largely because of arguments made by the Menominee Tribe.

### III. The Case's Styling as an APA Claim Does Not Diminish the Tribe's Status Under Rule 24

#### A. There is No Carve Out of Rule 24 for APA Suits in Which Tribes or States Seek to Intervene to Protect Their Interests

Plaintiffs claim that the case's styling as an APA claim means the Tribe does not have a right to intervene in the case pursuant to Rule 24(a).  ECF 39 at 16.

But there is no APA carve out of Rule 24 as Plaintiffs suggest, and indeed multiple courts have found that tribes or states may intervene under Rule 24 to protect their interests in APA cases. *See, e.g.*, *Cal. Valley Miwok Tribe*, 281 F.R.D. at 48; *Waterkeeper All., Inc. v. Wheeler*, 330 F.R.D. 1, 6–9 (D.D.C. 2018); *Nw. Env't Def. Ctr. v. U.S. Env't Prot. Agency*, No. 07-CV-1396-BR, 2007 WL 9809079, at *1–2 (D. Or. Oct. 29, 2007).  Even in the context of APA cases challenging IGRA compacts, courts have allowed tribes and states to intervene.  *See, e.g.*, *MGM*, 2020 WL 5545496, at *1 (allowing intervention by tribe and state in suit alleging approval of compact amendments violated APA); *Forest Cnty.*, 317 F.R.D. at 8 (allowing intervention by tribe in another tribe's case alleging disapproval of compact amendments violated APA).

Indeed, the Tribe established several key interests it holds in this case to support its Article III standing and right to intervene under Rule 24(a).  ECF 31 at 12–13, 15.  One such interest is in the potential loss of a very substantial economic opportunity for the Tribe if Plaintiffs receive the relief they seek.  ECF 31 at 12, 15.  The Tribe also asserted a sovereign interest in not having its legal rights determined in its absence.  ECF 31 at 12.  The Tribe further explained that, as a party to the 2021 Compact, it "would be adversely affected by a determination of this action favorable to Plaintiffs—where such a determination would undermine an agreement the Tribe and the State

10

negotiated as sovereign entities."  ECF 31 at 15.

Courts in the D.C. Circuit and elsewhere have allowed contracting parties to join cases implicating their contract rights, including APA cases against federal agencies and including IGRA compacting cases.  *See, e.g.*, *Kickapoo Tribe of Indians of the Kickapoo Rsrv. in Kan. v. Babbitt*, 43 F.3d 1491, 1500 (D.C. Cir. 1995) ("Kansas' indispensability as a party in the Tribe's lawsuit is hardly a formality; not only its contractual rights are at issue but its fiscal interests are also potentially at stake."); *id.* at 1495 ("Kansas is a necessary party under Rule 19(a)" because "[c]learly, . . . the State of Kansas has an interest in the validity of a compact to which it is a party, and this interest would be directly affected by the relief that the Tribe seeks."); *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 327 F. Supp. 2d 995, 1000 (W.D. Wis. 2004) ("[C]ourts require that the parties to a contract be joined in any suit brought upon that contract."), *aff'd on other grounds*, 422 F.3d 490 (7th Cir. 2005); *Akal Sec., Inc. v. United States*, 103 Fed. Cl. 310, 323 (Fed. Cl. 2011) (permitting recipient of disputed government contract to intervene based on contractual interest); *Benefits Consulting Assocs., LLC v. United States*, 93 Fed. Cl. 254, 267–68 (Fed. Cl. 2010) (same).  The court in *PPI, Inc.* similarly found the Tribe's status as a contracting party relevant to its determination that the Department would not adequately represent its interests. *See* 2008 WL 2705431, at *3.

Plaintiffs claim a tribe's or state's economic interest in litigation is not sufficient to give it a right to intervene in an APA case.  ECF 39 at 14–15.  In support of this assertion, they cite *Humane Society of the U.S. v. Clark*, 109 F.R.D. 518 (D.D.C. 1985), a case not dealing with tribes, gaming, or contracting parties.  That case dealt with a challenge to federal regulations, where the federal government *itself* promulgated such regulations.  *Id.* at 519–20.  The instant case deals with a contractual agreement between two non-federal parties.  Accordingly, Federal Defendants here

may have less of an incentive to defend their actions than the federal defendants had in *Humane Society*.  And, even if *Humane Society* were to provide adequate analogy, Plaintiffs conveniently omit this Court's finding that, despite the minimal burden, "movants ha[d] failed to make any showing whatsoever that any difference exists between their interest and that of the government in seeing the challenged actions upheld."  *Id.* at 520.  Even so, this Court still granted permissive intervention to a movant organization because "the court also deem[ed] it appropriate that [their] interests . . . be directly represented."  *Id.* at 521.

Plaintiffs claim *Seminole Nation of Oklahoma v. Norton*, 206 F.R.D. 1, 4–5 (D.D.C. 2001), and *Scotts Valley Band of Pomo Indians v. U.S. Dep't of the Interior*, 337 F.R.D. 19, 20 (D.D.C. 2020), *reh'g denied*, No. 19-1544 (ABJ), 2020 WL 8182061 (D.D.C. Dec. 4, 2020), *aff'd sub nom. Yocha Dehe v. U.S. Dep't of the Interior*, 3 F.4th 427 (D.C. Cir. 2021), support their assertion that the case's styling as an APA claim removes the Tribe's right to intervene under Rule 24.  ECF 39 at 16–18.  In *Seminole Nation*, a tribe challenged the Department's refusal to recognize amendments to its constitution, and certain bands affected by those amendments sought to intervene and introduce new substantive arguments for maintaining the constitutional amendments' denial.  206 F.R.D. at 10.  The court found the Department adequately represented their interests on the narrow procedural questions at issue in the APA case.  *Id.*  In *Scotts Valley*, the court denied intervention to a neighboring tribe asserting that the land another tribe sought to use for gaming purposes was the traditional home of its own ancestors and that a future casino there would impair its own gaming operations and economic interests.  337 F.R.D. at 21.  The court denied intervention because, among other reasons, the tribe's claimed injury was too remote and speculative to establish standing.  *Id.* at 24–26.  On appeal, the D.C. Circuit affirmed solely on the issue of standing, finding that "neither [the tribe] nor its property is the direct subject of the

[Department's] Indian Lands Opinion." *Yocha Dehe*, 3 F.4th at 431.  Here, the Tribe is the direct subject of the 2021 Compact, and it seeks to intervene to defend the 2021 Compact on the very basis under which it is attacked.

> **B.  The Tribe in Intervening Under Rule 24 Does Not Seek to Extend Its Sovereign Immunity to Override Congress' APA Abrogation of Federal Defendants' Immunity**

Plaintiffs claim the Tribe is attempting to "cloak the Federal Defendants with an immunity from a separate sovereign, when Congress has chosen to waive federal sovereign immunity under the APA." ECF 39 at 10.  In reality, it is Plaintiffs that are seeking to cloak this case with an APA waiver when Plaintiffs only invoke the APA in order to overcome the Tribe's immunity and obtain an order from this Court to prevent activities by the Tribe, not Federal Defendants.

Importantly, the Tribe's sovereign immunity from suit is distinct from that of Federal Defendants.  Tribes are "separate sovereigns pre-existing the Constitution" that continue to "exercise inherent sovereign authority." *Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 788 (2014) (citations and internal quotation marks omitted); *see also Worcester v. Georgia*, 31 U.S. 515 (1832).  One of the "core aspects of sovereignty that tribes possess . . . is the 'common-law immunity from suit traditionally enjoyed by sovereign powers.'" *Bay Mills*, 572 U.S. at 788 (quoting *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978)).  Tribal sovereign immunity exists to bar a case unless Congress has explicitly abrogated or a tribe has explicitly waived its sovereign immunity. *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998) ("As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity.").  The Tribe's sovereign immunity in this case derives from its own separate and unique status as a sovereign entity, and it is not affected in any way by Congress' abrogation of Federal Defendants' immunity through the APA. *See Friends of Amador Cnty.*, 554

F. App'x at 565 (finding APA did not waive tribe's sovereign immunity in IGRA compact litigation in which tribe sought limited intervention and dismissal under Rule 19).

Plaintiffs claim the concurring opinion in the D.C. Circuit decision in *Amador County v. U.S. Dep't of the Interior*, 772 F.3d 901 (D.C. Cir. 2014), supports its assertion that the "Tribe could not use adequacy under Rule 24 to cloak the United States in its immunity." ECF 39 at 14. They are correct that this concurring opinion asserted that tribal sovereign immunity *alone* is not a sufficient interest under Rule 24(a). 772 F.3d at 906 (Randolph, J., concurring). However, the Tribe here has not claimed sovereign immunity alone as its sole interest in the case. *See also MGM*, 2020 WL 5545496, at *6 (declining to follow reasoning in same concurrence and noting "[a] Circuit concurrence is not binding on this Court, nor are any of the cases to which Judge Randolph cites in his"). As part of its Rule 24(a) arguments, the Tribe only raised its interest in asserting sovereign immunity in the context of the Department's inability to adequately represent the Tribe's interests, ECF 31 at 18, and then only because of this Court's *MGM* decision, which noted that the Department there did not share the tribes' interest in asserting and protecting their sovereign immunity, 2020 WL 5545496, at *5.

The Tribe does not seek to cloak Federal Defendants in its tribal sovereign immunity. Instead, it seeks to intervene in this case to protect its many important interests, including by asserting its own sovereign immunity derived from its own status as a sovereign entity.

## IV.   The Tribe's Motion for Limited Intervention Is Appropriate

In arguing that limited intervention for purposes of raising Rule 19 arguments is not an available procedural action, ECF 39 at 17–18, Plaintiffs attempt to relitigate issues already decided by this Court in another case.

Indeed, this Court in *MGM* recently examined and rejected this argument in the context of an IGRA compact challenge.  2020 WL 5545496, at *1 (permitting limited intervention and not ultimately ruling on Rule 19 arguments).  Like Plaintiffs here, the plaintiffs in *MGM* argued that the tribes were required to intervene as full parties or not at all.  *Id.* at *5–6.  This Court allowed the tribes to intervene on a limited basis for the purpose of filing their Rule 19 motion to dismiss, preserving their sovereign immunity from suit while doing so.  *Id.* at *6.

In addition to *MGM*, there is a rich body of case law allowing such limited intervention so that tribal parties may make Rule 19 arguments while protecting their sovereign immunity.  *See, e.g.*, *Diné Citizens Against Ruining Our Env't v. Bureau of Indian Affs.*, 932 F.3d 843, 847–48 (9th Cir. 2019) (affirming decision to grant limited-intervenor tribal corporation's motion to dismiss for failure to join indispensable party that could not be joined due to sovereign immunity), *cert. denied*, 141 S. Ct. 161 (2020); *Klamath Irrigation Dist. v. U.S. Bureau of Reclamation*, 489 F. Supp. 3d 1168, 1181–82 (D. Or. 2020) (granting limited-intervenor tribes' motions to dismiss for failure to join indispensable parties that could not be joined due to sovereign immunity), *appeal docketed*, No. 20-36009 (9th Cir. Nov. 19, 2020); *Lac Du Flambeau*, 327 F. Supp. 2d at 1000 (stating entities with sovereign immunity "may intervene for a limited purpose such as moving to dismiss the lawsuit for failure to join an indispensable party without waiving their sovereign immunity").  Similarly, the court in *PPI, Inc.* found the Tribe's motion for limited intervention there did not waive its sovereign immunity.  *See* 2008 WL 2705431, at *3.

Plaintiffs cite *Wichita & Affiliated Tribes of Oklahoma v. Hodel*, 788 F.2d 765, 772–73 (D.C. Cir. 1986), for the assertion that limited intervention amounts to waiver, ECF 39 at 15–16, but the tribes there did not seek limited intervention.  Plaintiffs note *MGM*, but they ask this Court to ignore the result of that case.  ECF 39 at 19.

Plaintiffs may not like limited intervention, but it is well-established and should be allowed by the Court in this case.

## CONCLUSION

For the foregoing reasons, the Tribe respectfully requests that the Court grant its Motion for Limited Intervention and Motion to Dismiss.

/s/ Joseph H. Webster
Joseph H. Webster (D.C. Bar No. 448458)
Kaitlyn E. Klass (D.C. Bar No. 1032219)
Elliott A. Milhollin (D.C. Bar No. 474322)
HOBBS STRAUS DEAN & WALKER, LLP
1899 L Street NW, Suite 1200
Washington, DC 20036
Telephone: (202) 822-8282
jwebster@hobbsstraus.com
kklass@hobbsstraus.com
emilhollin@hobbsstraus.com

/s / Barry Richard
Barry Richard (D.C. Bar No. 419850)
GREENBERG TRAURIG, P.A.
101 East College Avenue
Tallahassee, FL  32301
Telephone: (850) 222-6891
Facsimile: (850) 681-0207
richardb@gtlaw.com
greenel@gtlaw.com
flservice@gtlaw.com

Attorneys for Intervenor,
Seminole Tribe of Florida

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 1, 2021, I electronically filed the foregoing **Seminole Tribe of Florida's Reply Memorandum to Plaintiffs' Memorandum in Opposition to Tribe's Motion For Limited Intervention** with the Clerk of the Court of the U.S. District Court for the District of Columbia by using the Court's CM/ECF system.  All participants in this case are registered CM/ECF users and will be served by the CM/ECF system.

*/s/ Joseph H. Webster*
Joseph H. Webster
