IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTERRA MF, LLC; et al., | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| v. | ) Civil Action No. 1:21-cv-02513-DLF |
| | ) |
| DEB HAALAND, in her official capacity as Secretary of the United States Department of the Interior, et al., | ) |
| | ) |
| *Federal Defendants*. | ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR
INDICATIVE RULING ON MOTION FOR CLARIFICATION**

**INTRODUCTION**

Deb Haaland, in her official capacity as Secretary of the United States Department of Interior et al. ("Federal Defendants") respectfully move for clarification of this Court's November 22, 2021 order ("Order") denying Federal Defendants' motion to dismiss, denying Plaintiffs Monterra MF, LLC et al.'s ("Plaintiffs") motion for summary judgment as moot, denying the Seminole Tribe of Florida's ("Tribe") motion for intervention as moot, and directing that this case be closed. *See* ECF No. 54.  Federal Defendants specifically request that this Court clarify whether that order grants judgment to Plaintiffs on any claim, or if the order instead dismisses the claims (*i.e.*, not only the motion for summary judgment on those claims) as moot.

Federal Defendants timely appealed the Order to the United States Court of Appeals for the District of Columbia Circuit on January 19, 2022. ECF No. 56.  The court of appeals has now issued an order to show cause as to whether the court of appeals has jurisdiction over the appeal, which is docketed as No. 22-5010. *See* D.C. Cir. No. 22-5010, ECF No. 1938608, at 2.  Whether appellate jurisdiction exists depends on whether this Court's Order denying the motions and closing the case implicitly grants judgment on Plaintiffs' claims, or whether it instead implicitly dismisses those claims in full.  An order from this Court clarifying its holding would thus allow the parties and the court of appeals to assess whether appellate jurisdiction is proper.

Notwithstanding that this case is now on appeal, Federal Rule of Civil Procedure 62.1 authorizes this Court to issue an indicative ruling on the motion for clarification, and also allows the court of appeals to remand for entry of that ruling.  Federal Defendants accordingly request that this Court issue an indicative ruling providing that, if the court of appeals were to remand for clarification, this Court would grant the motion in order to clarify whether the Order grants or dismisses Plaintiffs' claims.  Pursuant to Local Rule 7(m), counsel for the United States

conferred with counsel for Plaintiffs, the Tribe, and West Flagler Associates, Ltd. et al. (plaintiffs-appellees in related cases Nos. 21-5265 and 22-5022), to obtain their views on the relief requested herein. Plaintiffs have reserved stating a position on this motion, or a decision on whether to respond to it, until such time after the motion is filed with the Court. The Tribe, appellant in No. 21-5265, believes that the Order clearly dismissed Plaintiffs' claims in full and that clarification accordingly is not necessary, but it does not oppose a reasonable extension of the deadlines on appeal pending resolution of this motion.[1] West Flagler Associates, Ltd. et al. likewise do not believe there is any ambiguity in the Order and thus do not believe that clarification is needed, but do not oppose extension of the deadlines in the related appeals to the extent necessary pending resolution of this motion.

## BACKGROUND

On November 22, 2021, this Court issued an opinion jointly disposing of this case and the related case, *West Flagler Assoc., Ltd. et al. v. Haaland et al.*, No. 21-CV-2192 (D.D.C.) ("*West Flagler*"). *See generally* ECF No. 55. That opinion concluded that the one plaintiff in the related case, West Flagler Associates, Ltd. ("West Flagler"), had standing to bring its claim that Federal Defendants acted unlawfully by allowing a tribal-state compact entered into by the Tribe and the State of Florida to go into effect, and granted West Flagler's motion for summary judgment on that claim. *Id.* at 8-12, 18-25. With regard to the Plaintiffs in this case, the opinion stated that "the presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement," that Plaintiffs "seek the same relief" as West Flagler, and that "because the Court will grant that relief in the *West Flagler* action, it has no occasion to consider

---

[1] Simultaneous with the filing of this motion, Federal Defendants intend to file a motion in the court of appeals staying all deadlines, including the deadline to respond to the show-cause order, pending the Court's action on this motion.

2

the separate arguments in the *Monterra* filing, let alone whether the *Monterra* plaintiffs independently have Article III standing." *Id.* at 12 (internal quotation marks omitted); *see also id.* at 24 ("[B]ecause vacating the Compact fully redresses the injuries that [Plaintiffs] allege, their request for summary judgment on other grounds is dismissed as moot.").

This Court issued two orders along with its opinion—one in this case and one in *West Flagler*. The order in *West Flagler* expressly grants judgment to West Flagler on one claim. *See West Flagler*, No. 21-CV-2192, Order (ECF No. 42) (Nov. 22, 2021). By contrast, the Order issued in this case denies Federal Defendants' motion to dismiss and Plaintiffs' motion for summary judgment, and further directs the Clerk of Court to close the case. ECF No. 54. But it does not expressly dismiss Plaintiffs' underlying *claims* as moot, nor otherwise expressly enter judgment for either side. *Id.*[2] Federal Defendants filed a timely notice of appeal in both cases. Federal Defendants then filed a motion to consolidate its appeal from the Order in this case with Federal Defendants' and the Tribe's appeals from the *West Flagler* decision. *See generally* D.C. Cir. No. 22-5010, ECF No. 1936138. In the course of briefing that motion, West Flagler questioned whether the Order in this case implicitly dismisses Plaintiffs' claims against Federal Defendants as moot, such that Federal Defendants lack standing to appeal. D.C. Cir. No. 21-5265, ECF No. 193786, at 14-16. On March 10, 2022, the court of appeals issued an order to show cause as to whether the appeal should be dismissed for lack of jurisdiction. D.C. Cir. No. 22-5010, ECF No. 1938608, at 2. It ordered the parties to respond by April 11, 2022, deferred a decision on the pending motion to consolidate, and stayed other deadlines in the interim. *Id.*

---

[2] The Order and the Court's related memorandum opinion also "denied as moot" a motion for limited intervention filed by the Seminole Tribe. *Id.*; ECF No. 55 at 12-18.

3

## ARGUMENT

**I. The Court has Authority to Issue an Indicative Ruling on This Motion for Clarification**

Once an appeal is filed, jurisdiction over a case normally passes from the district court to the appellate court. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Fed. R. Civ. P. 62.1 ("Rule 62.1"), however, authorizes the district court to issue an indicative ruling disclosing how it would decide a motion pending before it while the case is on appeal, were the case to be remanded for that purpose. Specifically, Rule 62.1 provides that "[i]f a timely motion is made for relief that the [district] court lacks authority to grant because of an appeal that has been docketed and is pending, the [district] court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). This rule applies to "any motion that the district court cannot grant because of a pending appeal." Fed. R. Civ. P. 62.1 advisory committee's note to 2009 amendment.

If the district court represents that it would grant the motion, or that the motion raises a substantial issue, the movant "must promptly notify" the court of appeals. Fed. R. Civ. P. 62.1(b); Fed. R. App. P. 12.a(a). Then, "the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal. Fed. R. App. P. 12.1(b). On remand, the district court may issue an order deciding the motion. Fed. R. Civ. P. 62.1(c). Once it does, the parties must promptly inform the court of appeals of the district court's decision, and the appeal can then be dismissed or proceed, depending on whether the district court's order moots the appeal. Fed. R. App. P. 12.1(b).

Applying the above framework, Rule 62.1 authorizes the Court to issue an indicative ruling on this motion for clarification. Indeed, seeking an indicative ruling on a motion to clarify

4

the scope or meaning of a judgment on appeal is a regular and accepted use of Rule 62.1. *See, e.g.*, *Koi Nation of N. Cal. v. U.S. Dep't of Interior*, No. 17-CV-1718, 2019 WL 11555042, at *1-2 (D.D.C. July 15, 2019) (granting motion for indicative ruling on motion to clarify scope of judgment on appeal); *Kifafi v. Hilton Hotels Retirement Plan*, No. 98-CV-1517, 2013 WL 12476842, at *1 (D.D.C. Oct. 11, 2013) (noting court's past indicative ruling on motion to amend or clarify); *see also*, *e.g.*, *In re Chiquita Brands Int'l, Inc. Alien Tort Statute and Shareholder Derivative Litigation*, No. 08-MD-01916, 2022 WL 612723, at *1 (S.D. Fla. Jan. 26, 2022); *Wengui Guo v. Baosheng Guo*, No. 1:18-CV-1064, 2020 WL 2744129, at *1 (E.D. Va. Feb. 27, 2020). For the reasons discussed below, clarification from this Court would directly inform the court of appeals' inquiry into whether it has jurisdiction over appeal No. 22-5010. The motion is also timely. While the potential ambiguity in the Order has admittedly existed since that Order was entered, Federal Defendants filed this motion promptly upon issuance of the court of appeals' show-cause order, which directly raises the question of how that ambiguity should be resolved. D.C. Cir. No. 22-5010, ECF No. 1938608, at 2.

It is true that some opinions within this circuit have rejected efforts to use Rule 62.1 to "invite[] district courts to opine on questions of appellate jurisdiction." *Amarin Pharmaceuticals Ireland Ltd. v. Food & Drug Admin.*, 139 F. Supp. 3d 437, 447 (D.D.C. 2015) (declining to provide indicative ruling on whether an order remanding to the agency was an appealable final order). But this is not a case in which the parties essentially ask the district to "provide unsolicited advice" to the court of appeals by requesting a legal ruling from the district court on the jurisdictional ramifications of an order whose terms are unambiguous. *Id.* Instead, as discussed below, Federal Defendants seek clarification as to what precisely the terms of the Order *are*, so that the parties and the court of appeals can properly assess the jurisdictional

5

ramifications stemming from those terms.  In that context, an indicative ruling does exactly what Rule 62.1 intends: it "promote[s] judicial efficiency and fairness by providing a mechanism for the district court to inform the parties and the court of appeals how it would rule on a motion made after the district court has been divested of jurisdiction," particularly where the district court's ruling on the motion could "obviat[e] the need for the appeal." *Id.*

II. **The Court Should Indicate That It Would Grant the Motion for Clarification and Expressly Indicate Whether Its Order Dismissed or Granted Judgment on Monterra's Claims**

Federal Defendants respectfully submit that the Order is susceptible to at least two interpretations, and Federal Defendants accordingly seek this Court's clarification as to which reading is intended.  Specifically, Federal Defendants ask this Court to clarify whether it: (1) entered judgment for Plaintiffs on any of Plaintiffs' claims, or (2) dismissed those claims as moot.  An answer to that question will inform the court of appeals' inquiry into whether appellate jurisdiction exists over Federal Defendants' appeal of that order. *See*, *e.g.*, *United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.*, 315 F. Supp. 3d 90, 99 (D.D.C. 2018) ("courts in this circuit have encouraged parties to file motions for clarification when they are uncertain about the scope of a ruling . . . [e]ntertaining such motions seems especially prudent if the parties must implement the ruling at issue at subsequent stages of the litigation.").

This Court's Order plainly denied Federal Defendants' motion to dismiss and Plaintiffs' motion for summary judgment, and Federal Defendants do not ask the Court to revisit or reconsider any of those holdings at this time.  But a denial of a motion to dismiss or for summary judgment generally is, not itself, a final order for purposes of appeal. *E.g.*, *Chaplaincy of Full Gospel Churches v. England*, 454 F. 3d 290, 296 (D.C. Cir. 2006); *Bombardier Corp. v. Nat'l R.R. Passenger Corp.*, 333 F.3d 250, 253 (D.C. Cir. 2003).  That this Court nevertheless directed

in the Order that the case be closed suggests that the Order is intended to do more than resolve the motions before the Court, and instead is meant to constitute entry of final judgment. However, the Order does not expressly dismiss or otherwise grant judgment on the underlying claims for either party. Federal Defendants posit that the order could be read to implicitly resolve the claims in one of two ways.

*First*, the Order could be read to implicitly deny Plaintiffs' underlying *claims* as moot—not just their motion for summary judgment—on the same ground that it denies the motion for summary judgment. And indeed, in discussing Plaintiffs' motion for summary judgment, this Court's accompanying opinion does at one point note in a parenthetical that "a *case* is moot when a court 'cannot grant any relief beyond that already afforded.'" ECF No. 55 at 12 (emphasis added). But the order also "denied" Federal Defendants' motion to dismiss on standing and other threshold grounds, rather than denying that motion "as moot" as it did the motion for summary judgment, which may suggest that the Court did not deem the case as a whole to be moot. ECF No. 54. Moreover, the Order does not squarely state that it is dismissing the claims.

*Second*, the Order could be read to implicitly grant judgment to Plaintiffs on the shared claim that was decided in West Flagler's favor. Lending possible support to this interpretation is the fact that the accompanying opinion states that granting West Flagler's motion for summary judgment on the shared claim "fully redresses the injuries that [Plaintiffs] allege." ECF No. 55 at 24. Indeed, the accompanying opinion states that Plaintiffs' "motion for summary judgment on *other* grounds"—*i.e.*, on claims other than the shared claim—is "dismissed as moot," without specifying that the motion is denied as to the shared claim. *Id.* (emphasis added). But at the same time, the Order nowhere states that judgment is entered for Plaintiffs, and the

7

accompanying opinion states that the Court would "grant relief *in the* West Flagler *action*." ECF No. 54, 55 at 12 (emphasis added).

Which of these two plausible readings of this Court's order is correct bears directly on the court of appeals' inquiry into whether it has appellate jurisdiction. To the extent this Court did in fact dismiss the Plaintiffs' claims against Federal Defendants, then the judgment is not adverse to Federal Defendants and Federal Defendants acknowledge that it presumably would lack standing to appeal. *See Citizens for Resp. and Ethics in Washington v. Fed. Elec'n Comm'n*, 971 F.3d 340, 347 (D.C. Cir. 2020) (standing to appeal requires "an injury caused by the judgment") (internal quotation marks omitted). But by the same token, to the extent the order grants any relief on Plaintiffs' claims, then the judgment is adverse to Federal Defendants and appellate jurisdiction is proper. Thus, for the parties to present an informed view to the court of appeals on whether appellate jurisdiction exists, the parties must know which reading of this Court's order is correct. In Federal Defendants' view, it would be preferable for this Court to provide that clarity itself, as opposed to having the parties speculate as to the Court's intent.

For these reasons, Federal Defendants respectfully request that this Court issue an indicative ruling granting the motion for clarification and specifying whether its Order dismisses Plaintiffs' claims or whether it enters judgment in Plaintiffs' favor on any claim. Upon issuance of such a ruling, Federal Defendants will promptly notify the court of appeals, as required by Rule 62.1(b), and the court of appeals could then remand to this Court for an order on the motion to either clarify, dismiss appeal. No. 22-5010, or take any other step that that court deems fit. *See* Fed. R. Civ. P. 62.1(c).

## CONCLUSION

For the foregoing reasons, this Court should issue an indicative ruling that it would grant the motion for clarification requested herein.

Respectfully submitted this 22nd day of March, 2022.

>TODD KIM
>Assistant Attorney General
>Environment and Natural Resources Division
>*/s/ Rebecca M. Ross*
>REBECCA M. ROSS, Trial Attorney
>HILLARY K. HOFFMAN, Trial Attorney
>Indian Resources Section
>Environment and Natural Resources Division
>United States Department of Justice
>P.O. Box 7611, Ben Franklin Station
>Washington, DC 20044
>Telephone:  (202) 616-3148
>rebecca.ross@usdoj.gov
>hillary.hoffman@usdoj.gov
>*Attorneys for Federal Defendants*